UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ALEXIS, Plaintiff, v. JAMES B. ROGERS, et al., Defendants. | Case No.: 15cv691-CAB (BLM) |

**ORDER:**

**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR MONETARY SANCTIONS BASED ON PLAINTIFF LAURA ALEXIS' AND/OR PLAINTIFF'S COUNSEL'S WILLFUL VIOLATION OF THE OCTOBER 21, 2016 COURT ORDER [ECF No. 59];**

**(2) DENYING DEFENDANTS' MOTION FOR MONETARY SANCTIONS BASED ON PLAINTIFF'S FRAUD ON THE COURT [ECF No. 61];**

**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR MONETARY AND/OR EVIDENTIARY SANCTIONS BASED ON PLAINTIFFS' CONTINUED WITHHOLDING OF CRITICAL DOCUMENTS [ECF No. 60].**

On November 11 and 12, 2016, Defendants filed three separate motions seeking an array of sanctions based upon a variety of allegedly wrongful conduct. ECF Nos. 59–61. On November 28, 2016, Plaintiff opposed each motion. ECF Nos. 62–64. On December 2, 2016, Defendants replied reiterating their outrage at Plaintiff's alleged conduct. ECF Nos. 65–67. Having considered the briefing submitted by the parties and having reviewed all of the supporting exhibits, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for monetary and evidentiary sanctions based on Plaintiff Laura Alexis' and/or Plaintiff's counsel's violation of the Court's October 21, 2016 order and Defendants' motion for monetary and/or evidentiary sanctions based on Plaintiff's withholding of critical documents, and **DENIES** Defendants' motion for monetary sanctions based on Plaintiff's fraud on the court.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying the current litigation are well-known to the parties and mostly irrelevant to the instant motions so the Court will not recite them. On October 21, 2016, the Court issued an order denying Plaintiff's motion to compel Defendant Rogers' deposition in Los Angeles, California, and denying without prejudice Plaintiff's motion to compel the deposition of Defendant Rogers' wife, Paige Parker. ECF No. 57. With regard to the deposition of Mr. Rogers, the Court accepted the parties' agreed-upon date of November 9, 2016, determined that the proper venue was Singapore, and ordered the deposition to occur in Singapore on November 9, 2016. Id.

## LEGAL STANDARD

Federal courts may impose sanctions on parties failing to comply with court orders under both the Federal Rules of Civil Procedure ("FRCP") and the Local Rules. For example, FRCP 26

provides for sanctions against individual attorneys who are remiss in complying with their discovery obligations:

> By signing [a discovery request, response, or objection], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . [the] discovery request, response, or objection, [] is:
>
> . . .
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B). If an attorney makes an incorrect certification without substantial justification, the court must sanction the attorney, party, or both and the sanction may include an award of reasonable attorney's fees. Fed. R. Civ. P. 26(g)(3).

Furthermore, pursuant to FRCP 30(d)(2), the court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). A party who, "expecting a deposition to be taken, attends in person or by an attorney" may recover "reasonable expenses for attending the deposition, including attorney's fees, "if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g).

Additionally, FRCP 37(b)(2) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Granting considerable but not unlimited discretion in federal courts to fashion appropriate penalties, FRCP 37 permits orders "striking in whole or in part pleadings," see Fed. R. Civ. P. 37(b)(2)(A)(iii), and mandating payment of the other party's expenses,

"unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Further, when a court denies a motion to compel, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id.; see also Brown v. Hain Celestial Group, Inc., 2013 WL 5800566, at *5 (N.D. Cal. Oct. 28, 2013) ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified") (internal citations omitted).

Notably, FRCP 11 does "not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). "Rule 11 . . . was not intended to, and does not, reach discovery conduct, even if sanctionable. The proper way to sanction discovery misconduct is through the procedures provided under Fed. R. Civ. P. 37, not under Rule 11." Sneller v. City of Bainbridge Island, 606 F.3d 636, 640 n.4 (9th Cir. 2010).

Finally, Civil Local Rule 83.1 provides that "[f]ailure of counsel or of any party to comply with these rules . . . or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1(a).

In addition to these rule-based authorities, all "federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure

obedience to their orders . . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) (citing F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001)). Federal courts have "inherent power to impose sanctions against attorneys and parties for bad faith conduct in litigation." Oliver v. In–N–Out Burgers, 945 F. Supp. 2d. 1126, 1129 (S.D. Cal. 2013) (citing Chambers v. NASCO, 501 U.S. 32, 43 (1991)). "Before a court may award sanctions under its inherent powers, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." Id. (citing Mendez v. County of San Bernardino, 540 F.3d 1109, 1131 (9th Cir. 2008)). "[T]he bad-faith requirement sets a 'high threshold,' which may be met by willful misconduct, . . . or recklessness that is coupled with an improper purpose." Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276, 285 (N.D. Cal. 2015) (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)). The burden is on the moving party to demonstrate that the opposing party acted with the necessary bad faith or improper purpose. Id. When a court order is violated, a district court must also consider the risk of prejudice to the complying party and the availability of less drastic sanctions. See Commodity Futures Trading Comm'n v. Noble Metals Int.'l Inc., 67 F.3d 766, 771 (9th Cir. 1995), *cert. denied*, 519 U.S. 815 (1996) (referencing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109 (1991)).

Preclusion of evidence is among the most severe sanctions that a court may select. In fact, under certain circumstances, the imposition of preclusive sanctions is tantamount to dismissal or default judgment. See United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980) (citing Fed. R. Civ. P. 37). Under those circumstances, negligent

conduct is insufficient to impose exclusionary sanctions; a showing of bad faith is required. Id. at 1369-70. In addition, "[e]xclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side." Amersham Pharmacia Biotech, Inc. v. Parkin-Elmer Corp., 190 F.R.D. 644, 648 (N.D. Cal. 2000) (citing Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997)). The moving party bears the burden of presenting evidence of such prejudice. See Amersham, 190 F.R.D. at 648. The prejudice inquiry is focused on whether a discovery violation "threaten[s] to interfere with the rightful decision of the case" or "impair[s] the moving party's ability to go to trial." See Adriana Int.'s Corp., 913 F.2d at 1412. Delayed production of documents is rarely sufficient to meet this standard. See id.

## DISCUSSION

### I. Defendants' Motion for Monetary and Evidentiary Sanctions Based on Plaintiff Laura Alexis' and/or Plaintiff's Counsel's Willful Violation of the October 21, 2016 Court Order

Defendants' first motion seeks evidentiary and monetary sanctions for Plaintiff's failure to depose Defendant Rogers on November 9, 2016 in Singapore as ordered by the Court. ECF No. 59-2. Defendants assert that Plaintiff's counsel advised defense counsel that she had made the necessary arrangements to depose Mr. Rogers in Singapore and then "abruptly announced that she was not proceeding with the Court Order" because Defendants had failed to produce unspecified documents. Id. at 2-3, 7; ECF No. 59-1, Declaration of Olaf J. Muller ("Muller Decl. I") at 2, 4. Defendants explain that Plaintiff unilaterally cancelled the deposition after defense counsel already had departed for Singapore. ECF No. 59-2 at 8; Muller Decl. I at 5. Defendants complain that subsequent investigation revealed that Plaintiff had not made the necessary arrangements to depose Defendant Rogers in Singapore and intentionally violated

this Court's order and caused harm to Defendant Rogers and defense counsel. ECF No. 59-2 at 8-9; Muller Decl. I at 6. Defendants seek reimbursement for the costs incurred in travelling to Singapore for the deposition, as well as reimbursement for the costs of filing the instant motion, and evidentiary sanctions in the form of prohibiting Plaintiff from deposing Defendant Rogers. ECF No. 59-2 at 14-18.

Plaintiff disagrees with the facts asserted by Defendants and opposes the sanction requests. ECF No. 62. Plaintiff emphasizes that Defendants failed to produce all of the requested documents, including Plaintiff's termination letter, and failed to meet and confer with Plaintiff's counsel regarding the deficient document production until November 4, 2016. Id. at 6; ECF No. 62-1, Declaration of Amber L. Eck ("Eck Decl. I ") at 2-3. Plaintiff claims that as a result, on November 3, 2016, Plaintiff's counsel called and emailed defense counsel and advised them that the deposition would not be going forward on November 9, 2016. ECF No. 62 at 6-7; Eck Decl. I at 3. Plaintiff argues that there is no evidence that counsel was on a plane to Singapore at 2:00 p.m. on November 3, 2016, when she gave notice that the deposition was not going to proceed on November 9, 2016, and that a six day notice is reasonable. ECF No. 62 at 6-8; Eck Decl. I at 3. Plaintiff's counsel declares that she did make preliminary arrangements for the deposition to occur in Singapore but did not finalize them because she cancelled the deposition. Eck Decl. I at 4-5. Plaintiff concludes that the sanctions requested by Defendants are excessive, not supported by evidence, and not justified by the cited Federal Rules of Civil Procedure. See ECF No. 62 at 9-19. Finally, Plaintiff seeks permission to depose Defendant Rogers by videoconference on a date to be determined. Id. at 19-21.

In their reply, Defendants reiterate their arguments that Plaintiff intentionally violated this Court's order and should be severely sanctioned for her conduct. See ECF No. 67.

Defendants also provide a supplemental declaration from attorney Keith Fink establishing that Mr. Fink actually travelled to Singapore on the dates previously represented. Id. at 14-17; ECF No. 67-1, Declaration of Keith A. Fink ("Fink Decl.") at 3-4; id., Exhs. 6 & 7. Defendants also object to Plaintiff's request to depose Mr. Rogers via videoconference. ECF No. 67 at 20-22.

This motion, opposition, and reply, as well as the pleadings addressing the other sanction motions, highlight the complete lack of professionalism and civility utilized by counsel on both sides in handling this case. The Court is dismayed to see that counsel apparently are unable or unwilling to speak directly to each other, to engage in normal and productive meet and confer efforts, and to resolve even the most basic discovery issues, such as the date and time of a deposition. During the discussions preceding the motion and the briefing of the motion to compel Mr. Rogers' deposition to occur in California, defense counsel repeatedly stated that the only day this year that Mr. Rogers was available to be deposed was November 9th, and counsel for Plaintiff repeatedly indicated that she wanted to depose Mr. Rogers this year. See ECF Nos. 49 & 51. As a result, both parties accepted November 9, 2016 as the appropriate date for Mr. Rogers' deposition and the Court's order clearly focused on the *location* of the deposition, not the *date*. See ECF Nos. 49-1 at 7; 51 at 6-7; 57. As a result, when Plaintiff's attorney contacted the Court about moving the date of the Rogers' deposition, the Court indicated it would be willing to allow the deposition to be moved, if the parties agreed on a date. The Court believed that counsel would communicate with each other and resolve the issue in a way that worked for all parties and counsel, and then file an appropriate joint motion to move the deposition date, if necessary. The Court never imagined that Plaintiff's counsel would attempt to move it without agreement from defense counsel, nor that defense counsel would be unwilling to work with Plaintiff's counsel to find a date next year for Mr. Rogers' deposition. Given

counsels' unprofessional conduct, the Court will rule on the pending motions, but counsel for both parties are advised that (1) all future meet and confer efforts must include in-person or direct telephonic discussions, (2) no attorney may call the Court without having opposing counsel also on the phone, and (3) all future motions must include a detailed description of the meet and confer efforts.

The Court issued its order on October 21, 2016. ECF No. 57. According to the evidence presented to the Court, Plaintiff's counsel began making arrangements to depose Mr. Rogers in Singapore on October 24, 2016. See Eck Decl. I at 4-5; id., Exh. 8 at 44-42. On October 25, 2016, Plaintiff's counsel served an amended deposition notice scheduling Mr. Rogers' deposition to occur on November 9, 2016 via "videotape." Muller Decl. I, Exh. 2 at 15-17. On October 29, 2016, Ms. Eck emailed Mr. Muller and Mr. Fink with several date/time suggestions to accommodate the time difference between San Diego and Singapore. Eck Decl. I, Exh. 6 at 37. On November 2, 2016, Mr. Muller wrote a letter to Ms. Eck objecting to Mr. Rogers' deposition being taken remotely by teleconference. Muller Decl. I, Exh. 4 at 22-29.

On October 25, 2016, Ms. Eck also notified Mr. Muller and Mr. Fink that she believed Defendants' discovery responses were inadequate and requested a time to meet and confer. Eck Decl. I, Exhs. 1 at 11-12; 4 at 21-24; Muller Decl. I, Exh. 1 at 10-13. Ms. Eck did not state that the Rogers' deposition would not occur on November 9, 2016 unless the documents were produced. See id. Mr. Fink responded that he was available on October 31st, and Ms. Eck confirmed October 31st at 2:00 p.m. Eck Decl. I, Exh. 1 at 11. On October 31, 2016 at 3:29 p.m. and November 2, 2016 at 8:19 p.m., Ms. Eck emailed defense counsel and asked about discussing the discovery issues. Id. at 10. On November 3, 2016, Mr. Muller responded to Ms.

Eck's email, stating that he was available at 1:00 p.m. on November 4th to discuss the discovery issues and the Rogers' deposition. Id. at 9.

At 4:16 p.m. on November 3, 2016, Ms. Eck sent an email to Mr. Muller and Mr. Fink stating that she has not been able to talk with either defense attorney and that she hasn't received the necessary discovery, and that "[a]t this point, there is insufficient time to get and review these documents before a deposition next week. Accordingly, I intend to move Rogers' deposition to January 11, but am also available Jan. 12 or 13; let me know what you prefer." Id.; see also Muller Decl. I, Exh. 5 at 36-37 (containing Plaintiff's counsel's letter dated November 3, 2016). On November 4, 2016, Ms. Eck emailed a letter addressed to Mr. Fink and Mr. Muller clarifying "the Rogers deposition is not going forward on November 9, 2016." Eck Decl. I, Exh. 3 at 19. On the same day, Mr. Muller emailed Ms. Eck stating that "Judge Major advises that the order is the order and we can change it only if we so agree. We will not so agree." Muller Decl. I, Exh. 5 at 38. In an email dated November 4, 2016 at 2:40 p.m., Mr. Muller objected to the cancellation of Mr. Rogers' deposition and advised Ms. Eck that "[Mr. Fink] has already left for Singapore. He should be arriving there at some point today. Again, we suggest that you make travel arrangements immediately and leave sooner rather than later." Id. at 41. Mr. Muller states that he told Ms. Eck that Mr. Fink already was on his way to Singapore and that Ms. Eck responded that the Court "had granted her the unilateral right to violate its prior Order" and that she had provided sufficient notice. Muller Decl. I at 5. Ms. Eck counters that defense counsel refused to respond to her correspondence or engage in meet and confer efforts regarding Defendants' discovery responses until November 7, 2016, and asserts that Defendants still have not produced numerous responsive documents. Eck Decl. I at 4. For the next several days, counsel on both sides engaged in on-going, unproductive, and unpleasant

written exchanges, rehashing what happened, who was to blame, and what motions were going to be filed. See Eck Decl. I, Exhs. 2-3, 9; Muller Decl. I, Exh. 5 at 41-72.

As previously discussed, the evidence establishes fault on both sides. Plaintiff's counsel apparently waited until three days after the Court's order to investigate the costs and difficulties associated with a deposition in Singapore. Based upon what she discovered, counsel apparently decided to conduct the deposition via teleconferencing but failed to comply with FRCP 30(b)(4), which requires her to obtain either Defendants' stipulation or court approval. Instead of filing an appropriate motion in late October, counsel served an amended deposition notice regarding a "videotaped" deposition. Had Plaintiff complied with FRCP 30(b)(4), the instant dispute likely would not have occurred. Moreover, while Plaintiff's counsel advised defense counsel on October 25, 2016 that Defendants' document production and discovery responses were insufficient, Plaintiff's counsel waited until November 3, 2016 to advise defense counsel that Defendant Rogers' deposition would not go forward due to the alleged failure to provide discovery. Again, the instant conflict could have been avoided if Ms. Eck had clearly advised defense counsel in late October that the discovery responses were so deficient that she could not depose Mr. Rogers until the documents were produced.

On the other hand, defense counsel knew in late October that Mr. Rogers' deposition was scheduled for November 9, 2016, that Plaintiff's counsel needed additional discovery to competently depose Mr. Rogers, and that Mr. Fink would be leaving for Singapore on November 3, 2016. Despite this knowledge, neither attorney made time to meet with Plaintiff's counsel to resolve the discovery issues. If they had, perhaps Plaintiff's counsel would have been able to proceed forward with the deposition on November 9, 2016, or perhaps the attorneys could have agreed to continue the deposition until after the discovery issues were resolved. In

addition, neither Mr. Muller nor Mr. Fink clearly advised Plaintiff's counsel that Mr. Fink would be leaving for Singapore in the morning on November 3, 2016.[1] Finally, defense counsel repeatedly state that Mr. Fink was on his way to Singapore when Ms. Eck cancelled the deposition, however, their supporting evidence is vague and conclusory. It is unclear exactly where Mr. Fink was when he or Mr. Muller first learned that Ms. Eck intended to cancel the deposition. Mr. Fink does not state what efforts, if any, he made to avoid traveling to Singapore, nor whether he had other reasons, such as other business in Asia, that necessitated this trip. As a result, defense counsel bear some responsibility for the instant dispute and degree of harm.

The Court concludes that the majority of the blame for the late cancellation lies with Plaintiff. While Ms. Eck obviously hoped to depose Mr. Rogers in person in California, she should have considered the options available to her if the Court ruled against Plaintiff. Had she done that, she would have known the costs and logistics associated with the deposition and could have filed a timely motion to depose Mr. Rogers via videoconferencing or to move the deposition to a later date (assuming, of course, that counsel could not reach an agreement on either option). Ms. Eck failed to do so and instead issued a deficient videoconference deposition notice, attempted to obtain permission from the Court via ex parte verbal communications, and never filed an appropriate motion. Second, if Ms. Eck truly believed that she could not competently depose Mr. Rogers without the missing documents, Ms. Eck should have clearly notified defense counsel that the deposition would not proceed if she did not receive the documents by a specific

---

[1] In his declaration attached to Defendants' reply, Mr. Fink states that during Plaintiff's deposition on November 1, 2016, he told Ms. Eck that he "would be traveling to Singapore within two days for the Rogers deposition." Fink Decl. at 2-3. This general statement is insufficient to establish that Mr. Fink adequately advised Ms. Eck that cancelling the deposition at 4:00 p.m. on November 3, 2016 would cause the harm Defendants are claiming.

date. Again, she failed to do so. Third, the Court disagrees with Ms. Eck's contention that she provided reasonable notice of the cancellation. The evidence presented to the Court shows that Ms. Eck repeatedly indicated that the deposition was going to proceed on November 9, 2016 via videoconference and there is no evidence that Ms. Eck advised defense counsel that she may want to move the deposition to another day. Finally, the Court is extremely troubled by the allegation that Ms. Eck advised Mr. Muller that the Court had authorized her to unilaterally move Mr. Rogers' deposition. The Court's law clerk advised Ms. Eck (and later, Mr. Muller) that the parties could move the deposition, if both sides agree. Neither the Court nor the Court's law clerk authorized Ms. Eck to unilaterally cancel the deposition. Ms. Eck is an experienced lawyer and she surely knows that while the Court may indicate it would be willing to allow parties to modify provisions of a discovery order, the actual order is not modified without filing a joint stipulation or ex parte motion and obtaining Court approval. The Court finds that the evidence indicates that Ms. Eck did not fully investigate the logistics and costs associated with a deposition in Singapore prior to filing the original motion and receiving the Court's order, was surprised by and unprepared for the costs and logistics when she finally attempted to arrange the deposition, was unable to make the proper arrangements before November 9, 2016, and as a result cancelled the deposition on November 3, 2016.[2] Because Ms. Eck unilaterally cancelled the deposition without prior warning or sufficient notice and after Mr. Fink apparently had left for Singapore, the Court finds it appropriate to impose monetary sanctions against Plaintiff and Ms.

---

[2] The Court also accepts that Ms. Eck was concerned about the missing discovery, but the Court does not believe this is the main reason Ms. Eck cancelled the deposition on November 3, 2016. If discovery was the only issue, Ms. Eck could have obtained the additional discovery in time to review it during the remaining 5 days.

Eck. However, Defendants have not established that Ms. Eck or Plaintiff acted in bad faith or with an improper purpose and the Court therefore declines to impose evidentiary sanctions.

Defendants seek monetary sanctions to reimburse them for the following expenses allegedly incurred as a result of Plaintiff's late cancellation of Mr. Rogers' deposition: (1) $5,293 in flight costs, (2) $2,340.42 in lodging expenses in Singapore, (3) $26,180 in attorney's fees consisting of the 44 hours that Mr. Fink spent traveling to and from Singapore at a rate of $595/hour, and (4) $6,604.50 in attorney's fees incurred preparing the instant motion. ECF No. 59-2 at 14-16; Muller Decl. I at 7-8. To support these costs, Defendants provide declarations from Mr. Muller and Mr. Fink containing conclusory statements, a hotel receipt from Expedia, and a copy of a portion of Mr. Fink's boarding pass. ECF No. 59-2 at 7-8; Muller Decl. I, Exh. 6; Fink Decl. at 3-4; id., Exh. 6-1. They do not provide a receipt for the incurred airline costs, although Mr. Fink's boarding pass indicates that he travelled in First Class. Fink Decl. at 6-1. With regard to the actual costs, Plaintiff argues that the requested costs are excessive. Oppo. at 18-19. Plaintiff highlights the fact that Defendants did not provide a receipt for the flight showing the actual amount paid, that Mr. Fink did not need to go to, or stay six nights, in Singapore after Ms. Eck cancelled the deposition, and that Plaintiff should not have to pay for attorneys' fees for the 44 hours of travel time because that expense could have been prevented if defense counsel had properly met and conferred regarding Defendants' discovery. Id.

Although the Court is concerned about the unsubstantiated nature of Mr. Fink's flight expenses, the Court finds it appropriate to require Plaintiff and Ms. Eck to reimburse Defendants for the costs of Mr. Fink's flight and hotel. With regard to the flight expense, Mr. Fink is ordered to provide Ms. Eck with a copy of his flight or credit card receipt establishing the actual amount paid for the plane ticket by **December 30, 2016**, and Ms. Eck or Plaintiff must pay that amount

to defense counsel by **January 13, 2017**. With regard to the hotel, the Court orders Ms. Eck or Plaintiff to pay the full amount, **$2,340.42**, to defense counsel by **January 13, 2017**, as the Court finds that it was reasonable for Mr. Fink to be in Singapore from November 5, 2016 to November 11, 2016, due to the date and time difference between San Diego and Singapore and to prepare his client for the deposition. The Court declines to include the requested attorney fees for the 44 hours spent traveling to and from Singapore and the costs of preparing this motion. As previously stated, defense counsel contributed to these expenses and the subsequent need to file this motion by failing to engage in timely and productive discussions to resolve the discovery issues and by failing to clearly notify Ms. Eck that Mr. Fink was leaving for Singapore in the morning on November 3, 2016. Defendants also have not clearly established that the trip was unavoidable or that it was undertaken solely to defend Mr. Rogers at his deposition.

Finally, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to depose Mr. Rogers by videoconference. As noted, FRCP 30(b)(4) permits deposition by videoconference but it requires agreement by the parties or court authorization. In opposing Plaintiff's request, Defendants raise a number of important factual and legal issues related to depositing Mr. Rogers via videoconference while Mr. Rogers is in Singapore. See ECF No. 66 at 9-10. If Plaintiff wants to depose Mr. Rogers via videoconference, Ms. Eck must meet and confer with defense counsel and work out the necessary legal and factual issues of taking a foreign deposition via videoconference. If counsel are unable to agree, Plaintiff may file an appropriate motion.

///

///

///

**II. Defendants' Motion for Monetary Sanctions Based on Plaintiff's Fraud on the Court**

In their second motion, Defendants allege that Plaintiff and her lawyer committed a fraud on the Court and ask the Court to impose significant monetary sanctions against Plaintiff and her counsel for the costs Defendants incurred in opposing Plaintiff's motion to compel Defendant Rogers' deposition and in filing the instant motion for sanctions. ECF No. 61-2. Defendants argue that Plaintiff committed fraud on the Court and made material misrepresentations in her motion to compel Mr. Rogers' deposition because she clearly indicated that she intended to take the deposition in person on November 9, 2016, and yet she subsequently did not do so. Id. at 13-14; see also ECF No. 61 at 2. Defendants object to the fact that Plaintiff never indicated in her briefing that Plaintiff may elect to depose Mr. Rogers remotely rather than travel to Singapore if her motion was denied. Id. Defendants also object to the fact that Plaintiff noticed Mr. Rogers' deposition for 10:00 a.m. Pacific Standard Time on November 9, 2016, because that was 1:00 a.m. in Singapore on November 10, 2016. ECF No. 61-1, Declaration of Olaf J. Muller ("Muller Decl. II") at 3-4; id., Exh. 1. In summary, Defendants argue that Plaintiff's motion to compel Mr. Rogers' deposition in California was fraudulent because Plaintiff never intended to depose Mr. Rogers on November 9, 2016, and never intended to travel to Singapore for the deposition. See ECF No. 61-2 at 4, 13-15.

Plaintiff objects to Defendants' characterizations of her motion and intentions. ECF No. 64. Plaintiff explains that she wanted to depose Mr. Rogers in person in Los Angeles and had a good faith basis for noticing the deposition in Los Angeles. Id. at 3-4; ECF No. 61-1, Declaration of Amber L. Eck ("Eck Decl. II") at 2. Plaintiff's counsel states that she has never deposed a party via videoconference and that neither side discussed such a possibility in this

case. ECF No. 64 at 4; Eck Decl. II at 2. Plaintiff's counsel further declares that there are no misrepresentations in her pleadings. ECF No. 64 at 5; Eck Decl. II at 3-4. Plaintiff explains that after the Court denied her motion, she verified the costs associated with a deposition in Singapore and explored other options. ECF No. 64 at 4; Eck Decl. II at 2-3. Plaintiff also clarifies that the date of November 9, 2016 was chosen by Defendant Rogers because it was the only date this year available in his busy schedule. ECF No. 64 at 5; Eck Decl. II at 3. In conclusion, Plaintiff argues that sanctions are not appropriate under FRCP 11, and are not warranted under FRCP 37, 26 & 41 and Civil Local Rule 83.1(a). ECF No. 64 at 5-9.

In their reply, Defendants reiterate their previous positions. See ECF No. 66. Defendants further contend that they offered to conduct Mr. Rogers' deposition via videoconference from Singapore, state that Plaintiff's counsel refused the offer, and challenge Plaintiff's counsel's claim that she never deposed a party via videoconference and that neither side discussed such a possibility. Id. at 6-8, 11-12; ECF No. 66-1, Supplemental Declaration of Olaf J. Muller ("Suppl. Muller Decl. II") at 2-3; id., Exh. 5. Defendants also acknowledge that sanctions under FRCP 11 referenced in their motion are not appropriate in this case, but assert that the requested sanctions are warranted under FRCP 26 and 37, and the Court's "inherent plenary powers." ECF No. 66 at 12-13.

The Court agrees with Plaintiff. Defendants have not established that Plaintiff or her lawyer made material misrepresentations or committed a fraud on the court. Rather, Plaintiff made appropriate arguments in support of her request to depose Defendant Rogers and his wife, Paige Parker, in California. The fact the Plaintiff attempted to depose Defendant by videoconference after the Court denied her motion to compel the depositions in Los Angeles does not make the motion fraudulent nor the representations false. In fact, the Court finds that

Plaintiff's motion to compel deposition in Los Angeles was substantially justified and declines to impose monetary sanctions against Plaintiff or her counsel for filing the motion. The Court therefore **DENIES** Defendants' motion for monetary sanctions based on Plaintiff's alleged fraud on the court.

**III. Defendants' Motion for Monetary and/or Evidentiary Sanctions Based on Plaintiff's Continued Withholding of Critical Documents**

In their final motion, Defendants allege that Plaintiff and her lawyer "intentionally withheld from production thousands of pages of email communications that eviscerate Plaintiff's claims." ECF No. 60-2 at 5 (emphasis omitted). Defendants argue that this conduct was particularly detrimental to them because they were unable to question Plaintiff during her deposition about all of the email communications between Plaintiff and Defendant Rogers. See id. at 16, 22. Interestingly, Defendants' motion is not to compel the production of the emails but for evidentiary sanctions in the form of an adverse jury instruction, an order requiring Plaintiff to produce the emails without objection, and an opportunity to redepose Plaintiff, and a monetary sanction based on the cost of preparing the instant motion for sanctions. Id. at 15-21.

Plaintiff acknowledges that she did not produce all of the relevant emails prior to her deposition. ECF No. 63 at 6-8. However, Plaintiff explains that in her counsel's October 5, 2016 letter accompanying Plaintiff's initial document production, Plaintiff stated that she "will produce additional documents on a rolling basis." Id. at 6; ECF No. 63-1, Declaration of Amber L. Eck ("Eck Decl. III") at 2; id., Exh. 2. Plaintiff states that she produced two disks containing more than 6,000 emails on November 19 and 21, 2016. ECF No. 63 at 8-9; Eck Decl. III at 5; id., Exh. 4. Plaintiff explains what caused the delay in production, clarifies that Defendants

possessed most, if not all of the relevant emails and were able to use them during her deposition, but reasonably offers to permit Defendants to redepose Plaintiff. ECF No. 63 at 7-9, 16-17. Plaintiff objects to the imposition of any other sanctions and emphasizes that Defendants could have avoided the costs of filing this motion by property meeting and conferring. Id. at 12-16.

In their reply, Defendants reallege their arguments from the underlying motion [see ECF No. 65], and claim that the parties properly met and conferred, and that ten days after their motion was filed, Plaintiff produced 6,510 pages of responsive documents. Id. at 5-7, 14; ECF No. 65-1, Supplemental Declaration of Olaf J. Muller ("Suppl. Muller Decl. III). Defendants acknowledge that sanctions under FRCP 11 are not appropriate in this case, but assert that sanctions are warranted under FRCP 26 and 37, and the Court's "inherent plenary powers," and ask the Court to sanction Plaintiff for her withholding of documents, as well as her "disingenuous excuses for the same represented in her Opposition papers." ECF No. 65 at 18-19.

The Court agrees with Plaintiff that Defendants have not established that Plaintiff acted in bad faith. Rather, the evidence establishes that Plaintiff did not produce all of the relevant responsive emails prior to her deposition but notified Defendants that the production was incomplete and would be forthcoming, and then did, in fact, produce the responsive emails. As such, the Court finds that neither Plaintiff nor her counsel engaged in bad faith or misconduct warranting the imposition of evidentiary sanctions. The Court also finds that defense counsel could have avoided filing the instant motion by cooperating with Plaintiff's counsel, as she agreed to produce the emails and permit Plaintiff to be redeposed, and therefore declines to impose monetary sanctions. Because Plaintiff produced new emails and documents after her deposition, the Court **GRANTS** Defendants' request to redepose Plaintiff. Defendant may depose Plaintiff for no more than three hours and must limit the questions to the newly produced emails.

**SUMMARY AND CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS IN PART AND DENIES IN PART** Defendants' motion for monetary and evidentiary sanctions based on Plaintiff Laura Alexis' and/or Plaintiff's counsel's alleged willful violation of the October 21, 2016 Court Order. Mr. Fink is ordered to provide to Ms. Eck by **December 30, 2016** a copy of his flight of credit card receipt showing the actual amount paid for his plane ticket. Plaintiff and Ms. Eck are ordered to pay that amount to Defendants by **January 13, 2017**. Plaintiff and Ms. Eck also are ordered to pay Defendants the amount of **$2,340.42** on or before **January 13, 2017**. Plaintiff's counsel, Ms. Eck, is ordered to file a declaration verifying said payments no later than **January 20, 2017**. Failure to comply with this order may result in the imposition of additional sanctions. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to depose Mr. Rogers by videoconference;

(2) **GRANTS IN PART AND DENIES IN PART** Defendants' motion for monetary and/or evidentiary sanctions based on Plaintiff's continued withholding of critical documents. Defendants may redepose Plaintiff for no more than three hours; and

(3) **DENIES** Defendants' motion for monetary sanctions based on Plaintiff's alleged fraud on the court.

**IT IS SO ORDERED.**

Dated: 12/16/2016

Hon. Barbara L. Major
United States Magistrate Judge