1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   LAURA ALEXIS,                           Case No.:  15cv691-CAB (BLM)

12                           Plaintiff,   **REPORT AND RECOMMENDATION FOR**
                                          **ORDER GRANTING DEFENDANTS'**
13   v.                                    **MOTION FOR TERMINATING**
                                          **SANCTIONS AGAINST PLAINTIFF**
14   JAMES B. ROGERS, et al.,
                                          **[ECF No. 99]**
15                           Defendants.

16

17          On April 19, 2017, Defendants filed a "Renewed Motion for Terminating, Issue,

18   Evidentiary, and/or Monetary Sanctions Against Plaintiff."  ECF No. 99 ("Mot.").  In their motion,

19   Defendants seek a variety of sanctions, including terminating sanctions, for a number of alleged

20   discovery violations.  Plaintiff did not oppose the motion.  <u>See</u> Docket.

21          This Report and Recommendation is submitted to United States District Judge Cathy A.

22   Bencivengo pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 72.1(c) of the United States

23   District Court for the Southern District of California.  For the reasons set forth below, this Court

1

**RECOMMENDS** that Defendants' Motion for Terminating Sanctions Against Plaintiff be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2015, Plaintiff filed a complaint alleging, *inter alia*, intentional and negligent infliction of emotional distress, sexual harassment, and retaliatory, wrongful termination. ECF No. 1 at 30–32, 34–35. Plaintiff seeks general damages, lost earnings, punitive and exemplary damages, pre-judgment interest, costs of suit, attorneys' fees, and an injunction "restraining Defendants from continuing to engage in unlawful and unfair business practices." Id. at 35–36. Plaintiff alleges that she worked for Defendants from approximately January 2012 until she was unlawfully terminated in August 2013. Id. at 6–7, 15. Plaintiff claims that Defendant Rogers made "improper, explicit, and unwanted sexual advances for over the course of over a year," and that she was fired when she refused the advances. Id. at 2, 11–15. Plaintiff further alleges that after Defendants learned that she intended to file a sexual harassment suit against Mr. Rogers, they filed a retaliatory complaint against her in the Cook Islands on January 14, 2015, alleging extortion, and seeking $650,000 in damages. Id. at 16–17. Plaintiff also contends that on February 8, 2015, she was physically injured in connection with the service of process of the Cook Islands complaint when Terri Safino, "at the direction or request of the process server hired by Defendants," tried to physically drag Plaintiff from her house to the process server. Id. at 18.

On September 2, 2016, the Court issued a "Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings." ECF No. 46. On September 21, 2016, Plaintiff moved to compel, *inter alia*, Defendant Rogers' deposition in Los Angeles, California. ECF No. 49. On October 21, 2016, the Court denied the motion and ordered the deposition to occur "in Singapore on

15cv691-CAB (BLM)

November 9, 2016." ECF No. 57 at 4–5. Plaintiff noticed the deposition, but subsequently cancelled it a few days before the scheduled date while defense counsel was traveling to Singapore. ECF No. 61-1, Declaration of Olaf J. Muller at 3–4; Exh. 4. On November 11 and 12, 2016, Defendants filed three separate motions seeking various sanctions against Plaintiff and her counsel. ECF Nos. 59–61. On December 16, 2012, the Court issued an order (1) granting in part and denying in part Defendants' motion for monetary sanctions based on Plaintiff's and her counsel's willful violation of the October 21, 2016 Court order; (2) denying Defendants' motion for monetary sanctions based on Plaintiff's fraud on the court; and (3) granting in part and denying in part Defendants' motion for monetary and/or evidentiary sanctions based on Plaintiff's continuous withholding of critical documents. ECF No. 69. The Court ordered Plaintiff and her counsel to jointly and severally reimburse Defendants for defense counsel's flight and hotel expenses incurred in connection with Mr. Rogers' cancelled deposition in Singapore. Id. at 14–15, 20. Further, in light of Plaintiff's production of new emails and documents after her deposition,[1] the Court allowed Defendants to redepose Plaintiff "for no more than three hours," but limited the scope of the questioning to the emails and documents produced after Plaintiff's deposition. Id. at 19–20. On January 4, 2017, Plaintiff's counsel filed a declaration stating that pursuant to the Court's December 16, 2016 Order [ECF No. 69], she

_____

[1] Defendants alleged that Plaintiff and her lawyer "intentionally withheld from production thousands of pages of email communications that eviscerate Plaintiff's claims." ECF No. 60-2 at 5 (emphasis omitted). Defendants further argued that such conduct was particularly detrimental because they were unable to question Plaintiff during her November 1, 2016 deposition about all of the email communications between Plaintiff and Defendant Rogers. See id. at 16, 22; see also ECF No. 88-2, Declaration of Olaf J. Muller at 2.

sent a check in the amount of $7,598.82 to defense counsel as reimbursement for defense counsel's flight and hotel expenses. ECF No. 74, Declaration of Amber L. Eck at 2.

On December 19, 2016, Plaintiff's counsel moved to withdraw from the case. ECF No. 70; ECF No. 70-1, Declaration of Amber L. Eck at 2 (declaring that "there has been an irreconcilable breakdown in the attorney-client relationship and ethical considerations require withdrawal."). On December 27, 2016, Defendants filed a notice of non-opposition to the motion to withdraw. ECF No. 73. On January 6, 2017, District Judge Cathy A. Bencivengo granted Plaintiff's counsel's motion to withdraw and substituted Plaintiff "to act as her own counsel." ECF No. 79 at 3. In the order, Judge Bencivengo emphasized that Plaintiff was "responsible for complying with all court rules and applicable laws, as well as all currently scheduled court deadlines and hearings," and cautioned that "[f]ailure to do so, and failure to comply with any order of this Court may result in sanctions or in the dismissal of this action." Id. Judge Bencivengo further required Plaintiff "to keep the Court appraised of her current mailing address and telephone number at all times," and cautioned that "[f]ailure to do so will result in the dismissal of this action." Id. at 3–4.

On January 9, 2017, Plaintiff sent an email to defense counsel, Mr. Muller, stating, *inter alia*, that she "refuse[d] to answer any questions UNTIL [she] find[s] a new attorney." Muller Decl., Exh. 8 at 41–42. Plaintiff also stated: "I did not sign a document, that I will self-represent myself." Id. at 42.

On January 20, 2017, Defendants filed an "Omnibus Discovery Motion and Motion for Terminating, Issue, Evidentiary, and/or Monetary Sanctions Against Plaintiff." ECF No. 82. Defendants moved for terminating and lesser sanctions based on: 1) Plaintiff's refusal to comply with the Court's December 16, 2016 Order compelling Plaintiff to appear for three

additional hours of deposition; 2) Plaintiff's refusal to comply with the Court's August 26, 2016 Joint Protective Order forbidding public disclosure of materials designated as confidential; and 3) Plaintiff's refusal to comply with the Court's January 6, 2017 Order keeping the Court apprised of her current mailing address and telephone number. Id. Plaintiff did not file an opposition to the motion. See Docket.

On March 21, 2017, the Court issued an order granting in part and denying in part Defendants' omnibus discovery motion. ECF No. 95. Specifically, the Court ordered Plaintiff to do the following:

- "appear for her deposition in person at the location identified by Defendants" on or before April 14, 2017, the deposition not to exceed three hours;

- "submit to an independent mental examination [("IME")] by Dr. David Glaser M.D." no later than April 14, 2017, "at a location in San Diego, California";

- "update the Court's docket to reflect her correct mailing address, if the current one is incorrect" by March 30, 2017;

- "provide supplemental responses to Interrogatory Nos. 6 and 19" on or before April 4, 2017;

- "produce to Defendants the documents she agreed to produce in her responses to RFPs 333, 337-340, 344-349, and 350-352" on or before April 4, 2017;

- "produce to Defendants the documents described on pages 17-18 of this order[2]" on or before April 4, 2017; and

_____

[2] The Court ordered Plaintiff to produce the following documents:

- All non-privileged documents establishing Plaintiff's efforts to mitigate the economic losses she suffered after her termination in August 2013, her inability to

- "provide the supplemental response to the RFPs identified on page 18 of this order" on or before April 4, 2017.

Id. at 3, 7, 12–13, 20. The Court refused to impose terminating sanctions, but "warned" Plaintiff that her "**failure to comply with any of this Court's Orders or the Federal Rules of Civil Procedure may result in the imposition of sanctions including monetary sanctions, evidentiary sanctions and/or the dismissal or default of your case**." Id. at 3–4, 21 (emphasis in original).

---

engage in mitigation, the amount of any income received, and whether she was "scammed" out of any earned income. This production must include documents evidencing Plaintiff's proposal to Elon Musk (as agreed in Plaintiff's response to RFPs 337-340).

- All non-privileged documents relating to emotional distress Plaintiff suffered as a result of her 2015 car accident.

- All non-privileged documents relating to emotional distress Plaintiff suffered as a result of her altercation with Terri Safino in 2016.

- All non-privileged documents supporting Plaintiff's claim that Defendants caused or contributed to the 2015 car accident or the 2016 altercation with Terri Safino, or interfered with Plaintiff's request that the San Diego City Attorney's investigate the car accident and altercation.

- The temporary restraining order filed against Terri Safino, and Plaintiff's application for the order (as agreed in Plaintiff's response to RFP 333).

- All non-privileged documents establishing governmental assistance (including Medi-Cal insurance, food stamps or assistance, housing assistance, etc.) received by Plaintiff between August 2013 and the present.

- All non-privileged documents supporting Plaintiff's claim that her computer crashed at any time from 2012 to the present, including evidence that she purchased or obtained a new computer (see agreement in Plaintiff's response to RFPs 350-352).

Id. at 16–17.

15cv691-CAB (BLM)

On March 27, 2017, Defendants timely noticed Plaintiff's continued deposition and IME by emailing and mailing appropriate notices to Plaintiff. ECF No. 99-1, Declaration of Olaf J. Muller ("Muller Decl.") at 2, Exh. 1. Defendants scheduled Plaintiff's IME by Dr. Glaser for April 7, 2017 at 9:00 a.m. and Plaintiff's continued deposition for April 10, 2017 at 1:00 p.m. in downtown San Diego. Id. Plaintiff did not object to either notice and did not appear for either the IME or the continued deposition. Muller Decl. at 2–4. Plaintiff did not respond to Mr. Muller's emails, including the emails Mr. Muller sent during Plaintiff's scheduled IME and deposition reminding Plaintiff that the IME/deposition were ongoing, that she was late, and that both Dr. Glaser and Mr. Muller would wait additional time at the noticed locations for Plaintiff to appear. Id. at 3, Exh. 2. Further, Plaintiff has not produced any documents or provided the supplemental discovery responses ordered by the Court in its March 21, 2017 order. Muller Decl. at 3. Plaintiff also "ignored" all of defense counsel's efforts to informally resolve the dispute, including "repeated efforts to schedule a joint call" with the Court "to discuss the situation and various discovery disputes in this case, as well as the case in general." Id. at 6–7.

In the instant motion, Defendants assert that Plaintiff has violated all of the orders issued by the Court on March 21, 2017, as well as the Court's December 16, 2016 Order compelling Plaintiff to appear for three hours of deposition, and seek various sanctions, including terminating sanctions.[3] See Mot.; see also Muller Decl.

---

[3] Specifically, Defendants ask the Court to impose the following sanctions against Plaintiff:

1. Terminating, issue, evidentiary, and/or monetary sanctions for Plaintiff's willful violation of this Court's December 16, 2016 and March 21, 2017 Orders;
2. Monetary sanctions incurred by Defendants in connection with their aborted April 2017 deposition of Plaintiff, with the sum set by supplemental briefing, pursuant to F.R.C.P. 37;

7

## APPLICABLE LAW

Rule 37 of the Federal Rules of Civil Procedure empowers this Court to issue sanctions against a party for failing to make disclosures or cooperate in discovery. If a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). If a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and "[i]n addition to or instead of this sanction," the court "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(C). A court may also order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Finally, a court may impose sanctions if a party "fails, after being served with proper notice, to appear for . . . deposition," and such failure "is not excused on the ground that the discovery sought was objectionable, unless the

---

> 3. Monetary sanctions incurred by Defendants in connection with their aborted April 2017 mental examination of Plaintiff, with the sum set by supplemental briefing, pursuant to F.R.C.P. 37;
> 4. Monetary sanctions incurred by Defendants in connection with this underlying Motion pursuant to F.R.C.P 37; and/or
> 5. Any such additional orders as this Court deems necessary to prevent further such violations of its Orders in the future.

Id. at 25–26.

party failing to act has a pending motion for a protective order under Rule 26(c)." Rule 37(d)(1)(A)(i), (d)(2). Sanctions may include those provided in Rule 37(b)(2)(A)(i)–(vi). Fed. R. Civ. P. 37(d)(3).

The authorized sanctions in Rule 37 include but are not limited to: (i) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; (ii) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (iii) "striking pleadings in whole or in part"; (iv) "staying further proceedings until the order is obeyed"; (v) "dismissing the action or proceeding in whole or in part"; (vi) "rendering a default judgment against the disobedient party"; or (vii) "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A),(i–vii).

Dispositive sanctions such as dismissal of the complaint are "authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (quoting United States ex rel Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (quoting Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994)). Dismissal of an action in its entirety represents the most severe penalty that can be imposed. Kahaluu Constr. Co., 857 F.2d 600, 603 n.5. "In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

[opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Computer Task Grp., Inc. v. Brotby</u>, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting <u>Payne v. Exxon Corp.</u>, 121 F.3d 503, 507 (9th Cir. 1997)) (internal quotation marks omitted). This test is a disjunctive balancing test, so not all five factors must support dismissal. <u>See</u> <u>Valley Eng'rs Inc. v. Electric Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998) (observing that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal); <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

"What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" <u>Connecticut General Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1097 (9th Cir. 2007) (quoting <u>Valley Eng'rs Inc.</u>, 158 F.3d at 1057 and <u>Adriana Int'l. Corp. v. Thoeren</u>, 913 F.2d 1406, 1409 (9th Cir. 1990)). "Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." <u>Connecticut General Life Ins. Co.</u>, 482 F.3d at 1097 (quoting <u>Valley Eng'rs</u>, 158 F.3d at 1058).

## **ANALYSIS**

Defendants contend that Plaintiff violated numerous discovery orders by failing to appear for her deposition and IME and failing to supplement her discovery responses. Mot. at 16. Defendants argue that they have been unfairly prejudiced by Plaintiff's discovery violations, that Plaintiff has ignored the Court's repeated warnings that Plaintiff's violation of its orders may result in dismissal, and contend that Plaintiff cannot avoid sanctions due to her pro se status.

Id. at 16–17, 20–21, 24–25. Defendants also claim that Plaintiff has subverted the truth-seeking function of the judicial process, that the court and judicial system will be unfairly prejudiced should the trial be delayed by Plaintiff's repeated violations, and that lesser sanctions have not and will not yield Plaintiff's compliance. Id. at 19–21, 23–24.

As discussed below, four out of five factors considered by courts to decide whether to issue a default or dismissal of a party's action strongly favor dismissal of this case.

## 1. The Public's Interest in Expeditious Resolution of Litigation

The public's interest in the expeditious resolution of litigation generally favors dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). In this case, Plaintiff has consistently refused to litigate her case. Plaintiff repeatedly has failed to appear for her continued deposition, submit to an IME, and supplement her discovery responses. See Muller Decl. at 2–4; see also ECF No. 82-2, Declaration of Olaf J. Muller. Plaintiff has refused to engage in any discovery for the past four months, and the time period for conducting fact discovery ended on January 27, 2017. ECF No. 46 at 1. Further, Plaintiff willfully and knowingly violated the Court's discovery orders. See Muller Decl., Exh. 8 at 41–42 (containing Plaintiff's January 9, 2017 email to defense counsel, Mr. Muller, in which Plaintiff stated: "I refuse to answer any questions UNTIL I find a new attorney."); ECF No. 95 at 21 (warning Plaintiff that failure to comply with the Court's orders or the Federal Rules of Civil Procedure may result in the dismissal of her case); Muller Decl., Exh. 2 (informing Plaintiff that Defendants would seek terminating sanctions for Plaintiff's continuous failure to comply with her discovery obligations); see also U.S. Equal Emp't Opportunity Com'n v. ABM Indus. Inc., 2009 WL 1287757, at *4 (E.D. Cal. May 7, 2009) (finding that plaintiffs' disobedience of a court order was willful where plaintiffs "refused to appear for their depositions" and did not seek to "modify the deposition order by extension or further protective measures";

also reasoning that plaintiffs "controlled whether they could appear for their depositions and chose not to do so").

As a result of Plaintiff's repeated failures to appear for her scheduled IME by Defendants' retained expert, Dr. Glaser, Defendants were forced to request two extensions of their expert disclosure deadline [see ECF Nos. 96 and 101], which the Court granted in an effort to provide Plaintiff with yet another opportunity to meaningfully participate in discovery.  See ECF Nos. 97 and 102.  In light of Plaintiff's refusal to engage in discovery and to participate in this case for over four months, the public's interest would best be served by dismissal of this case.  See Pagtalunan, 291 F.3d at 642 (finding that plaintiff's "failure to pursue the case for almost four months" weighed in favor of dismissal).  The Court thus finds that this factor favors dismissal. See id.

## 2. The Court's Need to Manage its Dockets

Plaintiff's decision to ignore the discovery process, and to willfully and knowingly disregard the Court's December 16, 2016 and March 21, 2017 orders, interferes with the Court's ability to manage the case and move it towards disposition.  See Computer Task Grp. Inc., 364 F.3d at 1115 (stating that "[w]here a court order is violated, the first and second factors will favor sanctions . . . .") (citing Malone, 833 F.2d at 130).  Further, Plaintiff's refusal to participate in discovery and to litigate the case since her counsel's withdrawal necessitated numerous discovery motions from Defendants [see ECF Nos. 59–61, 82, 99], which required the Court to expend considerable time and resources that could have been allocated towards other matters on the Court's docket.  See Pagtalunan, 291 F.3d at 642 (stating that "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants" and that the second factor weighed in favor of dismissal where plaintiff's petition "consumed some

of the court's time that could have been devoted to other cases on the docket").  As such, this factor also favors dismissal.  See id.; see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1234 (9th Cir. 2006) (noting that "dismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket") (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

### 3.  The Risk of Prejudice to the Party Seeking Sanctions

The prejudice factor looks to whether a party's "actions impaired [the other party's] ability to go to trial or threatened to interfere with the rightful decision of the case."  Kahalu Constr. Co., 857 F.2d at 604 (citing Malone, 833 F.2d at 131); Adriana Int'l. Corp., 913 F.2d at 1412. However, delay alone is not sufficient to justify dismissal.  See Mir v. Fosburg, 706 F.2d 916, 919 n.2 (9th Cir. 1983).  "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."  Malone, 833 F.2d at 131.

In this case, Plaintiff's willful conduct has prevented Defendants from obtaining critical evidence required to fairly defend themselves against Plaintiff's claims.  For example, Defendants were not able to question Plaintiff under oath about the allegedly "harmful emails" that Defendants contend Plaintiff "intentionally withheld from her own lawyers for the first two years of this lawsuit."  Muller Decl. at 4.  Defendants also were not able to obtain all of the relevant written discovery and to have their expert examine Plaintiff regarding her claimed emotional distress stemming from Defendants' alleged wrongful conduct.  Id.  Defendants also could not obtain documents that the Court ordered Plaintiff to produce, including, *inter alia*, documents

about Plaintiff's mitigation efforts, her car accident, and the damages stemming from Defendants' alleged misconduct.  See id.; see also ECF No. 96 at 16–17, 20.

Further, Plaintiff did not give Defendants any advanced notice that she would not comply with the Court's orders and Defendants expended "considerable time and money beforehand arranging for Dr. Glaser's examination and Plaintiff's deposition in the way of travel, court reporter, videographer, and examination room costs, as well as the cost of Dr. Glaser's preparation for the exam."  Muller Decl. at 3.  Defendants also were required to expend considerable time and resources bringing their numerous discovery motions.  See ECF Nos. 59–61, 65–67, 82, 99.  Moreover, Plaintiff has not provided any explanation for her failure to comply with the Court's discovery orders.  See Docket; Muller Decl. at 3.

Plaintiff's unjustified refusal to appear for her duly-noticed deposition and IME, to supplement her interrogatory responses, and to produce the documents ordered by the Court "impair[s] [Defendants'] ability to go to trial" and "threaten[s] to interfere with the rightful decision of the case," and thus severely prejudices Defendants.  See Adriana Int'l. Corp., 913 F.2d at 1412 (holding that the plaintiff's repeated failure to appear at depositions and continuing refusal to comply with court-ordered production of documents interfered with the rightful decision of the case and therefore was prejudicial); see also In re Exxon Valdez, 102 F.3d at 433 (holding that the plaintiffs' failure to respond to discovery and the time consumed in attempting to secure compliance prejudiced defendants).  Further, Plaintiff has failed to rebut the presumption of injury to Defendants.  See Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("the burden of production shifts to the defendant to show at least some actual prejudice," only when a plaintiff has come forth with an excuse for his or her

delay that is anything but frivolous.") (quotation omitted). The Court thus finds that this factor weighs in favor of dismissal.

### 4. The Public Policy Favoring Disposition of Cases on their Merits

The public policy favoring disposition of cases on their merits always weighs against dismissal. See Pagtalunan, 291 F.3d at 643. However, despite this policy, litigants remain responsible for complying with orders issued by the court and "mov[ing] towards that disposition at a reasonable pace," and "refrain[ing] from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff failed to meet this responsibility, which "neutralizes the negative effect of this factor." See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1237 (stating that "[n]oncompliant plaintiffs bear responsibility for halting movement toward a merits resolution," which "neutralizes the negative effect of this factor.").

### 5. The Availability of Less Drastic Sanctions

This factor requires a court to consider the "impact of the sanction and the adequacy of less drastic sanctions." Kahalu Constr. Co., 857 F.2d at 604 (quoting Malone, 833 F.2d at 131 and United States v. Nat'l Med. Enter., 792 F.2d 906, 912 (9th Cir. 1986)). In Kahaluu Constr. Co., the Ninth Circuit opined that "the district court is generally required to discuss alternative sanctions; but, in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." Id. (citing Halaco Eng'g Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1998)) ("consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives."). The fact that a court "actually implemented alternative sanctions prior to dismissal may be enough to satisfy the 'consideration of alternatives' requirement."

15cv691-CAB (BLM)

<u>Kahaluu Constr. Co.</u>, 857 F.2d at 604 (citing <u>Malone</u>, 833 F.2d at 132). A "series of sanctions . . . constitut[es] a natural progression, much like progressive discipline, with dismissal being the last step." <u>Id.</u> If a court fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a judgment against them" then it places that court's order of dismissal "in serious jeopardy." <u>Id.</u> at 605. In sum, a "three-part analysis determines whether a court properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" <u>U.S. Equal Emp't Opportunity Com'n</u>, 2009 WL 1287757, at *4 (quoting <u>Adriana Int'l. Corp.</u>, 913 F.2d 1406, 1412–13 (9th Cir. 1990)).

In this case, the Court and Defendants have given Plaintiff numerous opportunities to comply with her discovery obligations, the Court warned Plaintiff on numerous occasions about the possibility of dismissal of her action for noncompliance with the Court's orders, and the Court has imposed lesser sanctions to no avail. Plaintiff repeatedly failed to appear for her continued deposition in violation of the Court's December 16, 2016 and January 20, 2017 orders. <u>See</u> Muller Decl. at 2–3; <u>see also</u> ECF Nos. 69 and 82. Further, Plaintiff failed to submit to an IME by Dr. Glaser, in violation of the Court's March 21, 2017 order. <u>See</u> Muller Decl. at 2; <u>see also</u> ECF No. 95. Plaintiff neither advised Defendants that she would not appear for her continued deposition and an IME, nor attempted to reschedule the deposition/IME for an alternative dates. <u>See</u> Muller Decl.; <u>see also</u> Docket. Plaintiff also failed to supplement her written discovery responses and to produce additional documents, in violation of the Court's March 21, 2017 order. <u>See</u> Muller Decl. at 3–4; <u>see also</u> ECF No. 95. Additionally, Plaintiff did not make a good faith

16

15cv691-CAB (BLM)

<u>Kahaluu Constr. Co.</u>, 857 F.2d at 604 (citing <u>Malone</u>, 833 F.2d at 132). A "series of sanctions . . . constitut[es] a natural progression, much like progressive discipline, with dismissal being the last step." <u>Id.</u> If a court fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a judgment against them" then it places that court's order of dismissal "in serious jeopardy." <u>Id.</u> at 605. In sum, a "three-part analysis determines whether a court properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" <u>U.S. Equal Emp't Opportunity Com'n</u>, 2009 WL 1287757, at *4 (quoting <u>Adriana Int'l. Corp.</u>, 913 F.2d 1406, 1412–13 (9th Cir. 1990)).

In this case, the Court and Defendants have given Plaintiff numerous opportunities to comply with her discovery obligations, the Court warned Plaintiff on numerous occasions about the possibility of dismissal of her action for noncompliance with the Court's orders, and the Court has imposed lesser sanctions to no avail. Plaintiff repeatedly failed to appear for her continued deposition in violation of the Court's December 16, 2016 and January 20, 2017 orders. <u>See</u> Muller Decl. at 2–3; <u>see also</u> ECF Nos. 69 and 82. Further, Plaintiff failed to submit to an IME by Dr. Glaser, in violation of the Court's March 21, 2017 order. <u>See</u> Muller Decl. at 2; <u>see also</u> ECF No. 95. Plaintiff neither advised Defendants that she would not appear for her continued deposition and an IME, nor attempted to reschedule the deposition/IME for an alternative dates. <u>See</u> Muller Decl.; <u>see also</u> Docket. Plaintiff also failed to supplement her written discovery responses and to produce additional documents, in violation of the Court's March 21, 2017 order. <u>See</u> Muller Decl. at 3–4; <u>see also</u> ECF No. 95. Additionally, Plaintiff did not make a good faith

15cv691-CAB (BLM)

effort to meet and confer, in violation of Civil Local Rules and this Court's Chambers' rules, and completely ceased any communications with defense counsel for over four months.  See Muller Decl.; see also CivLR 26.1.  Finally, Plaintiff has not opposed any of Defendants' motions or filed any pleadings since she began representing herself.  See Docket.

The Court has considered and rejected the imposition of lesser sanctions.  Initially, the Court previously imposed monetary sanctions on Plaintiff and her lawyer.  ECF No. 69.  This sanction was imposed in December 2016 and Plaintiff began representing herself in January 2017.  See ECF Nos. 69 and 79.  The monetary sanction did not impact Plaintiff's conduct because, as discussed above, she repeatedly and consistently refused to participate in the litigation process even after the imposition and payment of sanctions.  Moreover, as acknowledged by Defendants and the Court in prior pleadings and orders, Plaintiff is proceeding pro se and does not appear to have the financial resources to pay monetary sanctions.  See ECF Nos. 82 at 10-11; 95 at 20.  The Court also finds that evidentiary sanctions would not be appropriate in this case as Plaintiff has refused to engage in any discovery or litigation since at least January 2017.  As such, any evidentiary sanction would have to be broad, excluding a significant amount of evidence and essentially preventing Plaintiff from presenting her case.  In addition, given Plaintiff's refusal to participate in discovery, comply with Court orders, and respond to Court-ordered schedules, there is no evidence indicating that Plaintiff would appear for and participate in a trial.  Accordingly, the Court finds that lesser sanctions would not be appropriate in this case.  See Leon v. IDX Sys. Corp., 464 F.3d 951, 960–61 (9th Cir. 2006) (affirming a dismissal sanction where an evidentiary sanction would have been "futile" and a jury instruction that created a presumption in favor of defendants still "would leave [d]efendants equally helpless to rebut any material that [p]laintiff might use to overcome the presumption.");

15cv691-CAB (BLM)

Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 352 (9th Cir. 1995) (affirming a dismissal sanction because plaintiff's repeated violations of the court's orders and concealment of documents demonstrated that "dismissal was the only real alternative," where "the court anticipate[d] continued deceptive misconduct" and there was no "reasonable assurance that the truth would be available.").

Plaintiff has been given repeated warnings that failure to comply with the Court's deadlines and orders might result in the dismissal of the case.  See ECF No. 79 at 3 (containing Judge Bencivengo's warning that "[f]ailure to [comply with all court rules and applicable laws, as well as all currently scheduled court deadlines and hearings], and failure to comply with any order of this Court may result in sanctions or in the dismissal of this action."); 95 at 21 (containing this Court's warning that "**failure to comply with any of this Court's Orders or the Federal Rules of Civil Procedure may result in the imposition of sanctions including monetary sanctions, evidentiary sanctions and/or the dismissal or default of your case**.") (emphasis in original).  Defense counsel also notified Plaintiff in writing that they would seek terminating sanctions.  See Muller Decl., Exh. 2.  Further, the Court already has imposed monetary sanctions against Plaintiff.  See ECF Nos. 69 and 95.  Despite these efforts, Plaintiff has knowingly and willfully disregarded her discovery obligations and has repeatedly chosen not to comply with the Court's discovery orders by failing to appear for her continued deposition and an IME, and failing to supplement discovery responses and to produce additional documents.  See Muller Decl.; see also id., Exh. 8.

The Court is mindful that Plaintiff is proceeding pro se.  However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (failure of pro

15cv691-CAB (BLM)

se litigant to follow procedural rules justified dismissal of civil rights action). "A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders." Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. Mar. 18, 2014) (citing Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (affirming the imposition of the sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); Gordon v. County of Alameda, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted"); Handwerker v. AT & T Corp., 211 F.R.D. 203, 208–09 (S.D.N.Y. 2002) ("giving appropriate recognition as necessary to the difference of status, Rule 37 sanctions may be applied to pro se litigants no less than to those represented by counsel"); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[i]f a pro se litigant ignores a discovery order[s], he is and should be subject to sanctions like any other litigant," and affirming the dismissal of a pro se plaintiff's complaint as a discovery sanction)).

Because the Court's orders, explicit warnings, and the imposition of lesser sanctions were not effective in getting Plaintiff to participate in this case, dismissal is warranted and is the only remaining viable option. See Bolden, 2008 WL 1969230, at *3 (recommending dismissal of the action in its entirety when plaintiff failed to attend her deposition three times and was warned that her failure to appear might result in the dismissal of the action) (citing Computer Task Group Inc., 364 F.3d at 1116–17) (noting that where there is "continued willful disobedience, the magistrate judge could reasonably conclude that additional lesser sanctions would be pointless," and that the disobedient party "had sufficient notice that continued refusal to

15cv691-CAB (BLM)

cooperate would lead to terminating sanctions"); see also Lauro v. Hawaii, 2015 WL 8024134, at *4 (D. Haw., Dec. 3, 2015) (finding that "dismissal is the only appropriate sanction" where plaintiff's "email communications ma[de] clear that he will not attend any [c]ourt proceedings other than trial" and the court "considered the full panoply of less drastic sanctions, including monetary and evidentiary sanctions, but conclude[d] that dismissal [wa]s warranted based upon [plaintiff's] willful conduct in violation of specific [c]ourt orders."). This factor thus weighs in favor of dismissal of the action.

**Conclusion**

Four out of the five factors considered by courts in deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate weigh strongly in favor of dismissing the case, and the fifth factor is neutral. See Computer Task Grp., Inc., 364 F.3d at 1115; see also Hernandez, 138 F.3d at 399 (dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). Furthermore, the record supports the conclusion that Plaintiff's failure to participate in discovery and comply with the Court's orders was intentional, willful and unjustified. Without the outstanding discovery, which Plaintiff failed to produce in violation of the Court's orders, Defendants' ability to defend this case is seriously compromised. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1234 (finding that the district court did not abuse its discretion in dismissing the action where the district court found that as a result of plaintiffs' inability to provide any information that only they possessed regarding the crucial elements of their claims, "it was impossible to dispose of the case on the merits."). Accordingly, the Court **RECOMMENDS** that the District Judge dismiss this matter with prejudice. See Connecticut General Life Ins. Co., 482 F.3d at 1097 (holding

15cv691-CAB (BLM)

that the district court did not abuse its discretion in ordering a terminating sanction for repeated and willful failure to comply with discovery obligations).

## CONCLUSION AND RECOMMENDATION

In light of Plaintiff's lack of opposition, complete failure to participate in discovery and refusal to comply with the Court's orders, as well as Plaintiff's overall failure to prosecute the case for over four months, **IT IS HEREBY RECOMMENDED** that Defendants' motion for terminating sanctions be **GRANTED.**

**IT IS ORDERED** that no later than **May 26, 2017** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 2, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: 5/12/2017

_____
Hon. Barbara L. Major
United States Magistrate Judge

15cv691-CAB (BLM)