UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ALEXIS, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES B. ROGERS, an individual; GLADYS HOLDINGS, LLC, a New York Limited Liability Corporation; BEELAND INTERESTS, INC., a Delaware Corporation; and DOES 1 - 50, inclusive,<br><br>　　　　　　　　　　Defendant. | Case No.: 15cv691-CAB-BLM<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES [Doc. No. 111]** |

On June 16, 2017, Defendants filed a motion for attorneys' fees in the amount of $926,597.75 on the basis that Plaintiff's claims under the Fair Employment and Housing Act ("FEHA") were frivolous, unreasonable, and without foundation. [Doc. No. 111.][1] For the reasons set forth below, the motion is **DENIED**.

---

[1] The motion papers did not comply with the Court's notice procedures. Contrary to Section II.A. of this Court's Civil Case Procedures, Defendants did not set a hearing date to be 35 days from the motion's filing date. The notice of motion [Doc. No. 111-1] states "Hearing Date: None set." The motion [Doc. No. 111] states "Hearing Date: June 27, 2017," which is only 11 days from the motion's filing date.

1

# BACKGROUND

On May 30, 2017, this Court adopted the Report and Recommendation of Magistrate Judge Barbara L. Major and granted the Defendants' motion for terminating sanctions against Plaintiff. [Doc. No. 103.] Judgment was entered accordingly. [Doc. No. 106.]

On June 16, 2017, Defendants' filed this motion for attorneys' fees in the amount of $926, 597.75. [Doc. No. 111.]

On June 27, 2017, Plaintiff filed a Notice of Appeal with the Ninth Circuit Court of Appeal, as well as a motion for permission to appeal *in forma pauperis*. [Doc. Nos. 112, 113.] On August 10, 2017, the Ninth Circuit Court of Appeal granted Plaintiff's motion for permission to appeal *in forma pauperis*. [Doc. No. 119.]

# II. LEGAL STANDARD

California Government Code section 12965 provides that, "[i]n civil actions brought under this section, the court, in its discretion, may award to the prevailing party … reasonable attorney's fees and costs, including expert witness fees." Cal. Gov't Code § 12965(b); *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 213 (Cal. 2013). Where, as here, the defendant is the prevailing party, the defendant must satisfy the standard set forth by the Supreme Court in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421 (1978), in order to obtain an award of fees pursuant to section 12965. *See Villasenor v. Sears, Roebuck & Co.*, CV 09-9147 PSG FMOX, 2011 WL 939033, at *1 (C.D. Cal. Mar. 15, 2011). In *Christiansburg*, the Court stated that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. at 421.

---

Neither document comports with Section II.A. Nevertheless, given that the motion is being denied, no opposition is required.

III. DISCUSSION

To be awarded attorneys' fees, Defendants must demonstrate that Plaintiff's claim was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421. For the following reasons, the Court finds that Defendants have failed to do so.

A. Frivolous, Unreasonable or Unfounded.

Defendants argue that in October 2016, Plaintiff produced "thousands of damning emails . . . that eviscerated her claims against Defendants." [Doc. No. 111 at 3.] According to Defendants, these emails conclusively prove that Plaintiff "did not suffer any violent, unwelcome, or nonconsensual contact by Rogers." [Doc. No. 111 at 7.]

However, what is absent from Defendants' presentation is any evidence to show there was <u>no</u> sexual relationship between Plaintiff and her alleged employer, Mr. Rogers. While perhaps not couched in these terms, the gravamen of the complaint is one for *quid pro quo* harassment, which occurs when an economic or job benefit is conditioned on the employee's submission to sexual advances or when the employee suffers a job detriment for refusing to comply. *Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590 (1989); *Nichols v. Frank*, 42 F.3d 503 (9th Cir. 1994). *See also Father Belle Cmty. Ctr. V. New York State Div. of Human Rights on Complaint of King*, 221 A.D.2d 44, 50(1996)("The issue in a *quid pro quo* case is whether the supervisor has expressly or tacitly linked tangible job benefits to the acceptance or rejection of sexual advances; a *quid pro quo* claim is made out whether the employee rejects the advances and suffers the consequences or submits to the advances in order to avoid those consequences.")

Here, while the email evidence certainly speaks to whether the sexual advances were unwelcome, it does not refute whether there was a sexual relationship between Plaintiff and her alleged employer, Mr. Rogers. Moreover, Defendants acknowledge that Plaintiff's employment was terminated by Mr. Rogers, although Defendants dispute the

nature of the employment relationship.[2]  Thus, at this point, there is no "damning" evidence as to two of the three elements of *quid pro quo* harassment.

Moreover, while Defendants' description of the email evidence is certainly a compelling showing that any sexual advances were not unwelcome, this Court has not had an opportunity, such as in a motion for summary judgment or trial, to independently review the evidence and address the merits of the claims.  After Plaintiff's counsel withdrew in January 2017 [Doc. No. 79], Plaintiff failed to participate in the litigation and the case was ultimately terminated pursuant to Defendants' motion for terminating sanctions [Doc. Nos. 103, 105].  Given that the case was not adjudicated on the merits, the Court declines, in its discretion, to deem the case frivolous.

B.  Substantial Hardship.

Moreover, the Court also finds that awarding the amount of attorneys' fees requested by Defendants would be inappropriate because doing so would cause Plaintiff a significant financial hardship. In addition to determining whether fees are valid, California law dictates that "[t]he trial court should also make findings as to the plaintiff's ability to pay attorney fees, and how large the award should be in light of the plaintiff's financial situation." *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro*, 91 Cal. App. 4th 859, 868 n.42 (Cal. Ct. App. 2001). In *Rosenman*, the court "wholeheartedly agree[d] with the Ninth Circuit's holding" in *Patton v. County of Kings*, 857 F.2d 1379 (9th Cir. 1988), that "the trial court should consider the financial resources of the plaintiff in determining the amount of attorney's fees to award to a prevailing defendant" and that "an award of attorney fees 'should not subject the plaintiff to financial ruin.' " *Rosenman*, 91 Cal. App. 4th at 868 n.42 (*quoting Patton*, 857 F.2d at 1382 (internal quotation marks omitted)); *accord Surrell v. Cal. Water Serv. Co.*, CIV. S-04-2143 FCDJF, 2006 WL 1153758, at *2 (E.D. Cal. Apr. 28, 2006) ("[I]n assessing

---

[2] Defendants assert that Plaintiff was a consultant and they merely ceased funding her consultancy. [Doc. No. 111 at 21.]

whether to award attorneys' fees, the district court must consider the financial resources of the plaintiff in awarding fees to a prevailing defendant because the award should not subject the plaintiff to financial ruin." (internal quotation marks omitted)); *Garcia v. Santana*, 174 Cal. App. 4th 464, 481 (Cal. Ct. App. 2009) ("[In *Rosenman*,] [w]e expressed concern that 'an award of attorney fees should not subject the plaintiff to financial ruin.' " (internal quotation marks omitted)); *Villanueva*, 160 Cal. App. 4th at 1204 ("we are confident that a trial court has an obligation to consider a losing party's financial status before assessing attorney fees under the FEHA").

Here, Plaintiff recently filed a motion for permission to appeal *in forma pauperis* wherein she declares that she is disabled, unemployed, has no income, has a home in foreclosure, and receives food stamps and Medi-Cal. [Doc. No. 113.] The motion was granted by the Ninth Circuit Court of Appeal. [Doc. No. 119.] An award of $926,597.75, or anything close to it, against Plaintiff would most likely "subject the Plaintiff to financial ruin." *Roseman*, 91 Cal.App.4th at 868, n. 42. Therefore, the Court finds, in its discretion, that an award of attorneys' fees would be inappropriate in light of Plaintiff's financial situation.

## CONCLUSION

For the reasons set forth above, the motion for attorneys' fees is **DENIED.**

**IT IS SO ORDERED**.

Dated: September 1, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge